UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VINCENT L. Taylor,  Plaintiff,  v.  COMPUTER SCIENCES CORPORATION, also known as DXC TECHNOLOGY,  Defendant. | No. 1:20-cv-01848-NLH-KMW  OPINION |

**APPEARANCES**:

VINCENT L. TAYLOR
P.O. BOX 2131
CINNAMINSON, NJ 08077

   *Plaintiff appearing pro se*

LISA J. RODRIGUEZ
Schnader Harrison Segal & Lewis LLP
Woodland Falls Corporate Park
220 Lake Drive East
Suite 200
Cherry Hill, NJ 08002-1165

   *On behalf of Defendant Computer Sciences Corporation, also known as DXC Technology*

**HILLMAN**, **District Judge**

   This matter concerns a series of claims by Plaintiff Vincent L. Taylor that his former employer, Defendant Computer Sciences Corporation ("CSC"), also known as DXC Technology, discriminated against him on the basis of his race in violation of Title VII of the Civil Rights Act of 1964 and the New Jersey Law Against Discrimination.  Presently before the Court is

Defendant's motion to dismiss all claims, as well as Plaintiff's motion for an extension of time. For the reasons expressed below, both motions will be granted, and Plaintiff's claims will be dismissed with prejudice.

### BACKGROUND

Plaintiff Vincent Taylor began working as an employee of Defendant CSC sometime prior to 2009. Beginning with the hiring of a new employee referred to by Plaintiff as "DC" in 2009, he claims that his work environment changed and he began to experience racial harassment in the workplace. All the conduct related to this harassment alleged in the Complaint took place between 2009 and 2010.

At some point in 2011, Plaintiff decided to pursue administrative civil rights complaints with the New Jersey Division on Civil Rights and then the EEOC, although the specific dates on which he filed these complaints is unclear. The agencies' investigations and handling of these complaints took multiple years and culminated in the DCR apparently dismissing his charge and the EEOC declining to proceed with it as well. On November 20, 2019, Plaintiff finally received an email attaching a "right-to-sue" letter from the EEOC, which informed him that he had 90 days to file any private civil claims he wanted to pursue. (ECF No. 1-6).

Plaintiff then filed his present Complaint on February 20,

2

2020. After what appears to have been a substantial delay in effecting service on Defendant, Defendant ultimately filed a motion to dismiss all claims on January 26, 2021. (ECF No. 9). Plaintiff, a month after his opposition brief was due, filed a letter addressing his claims and complaining about the length of time his administrative charges took to be resolved. (ECF No. 13). Then, another month later, he filed a "MOTION for Extension of Time to File Response" to the motion to dismiss, attaching a brief directly opposing the motion. (ECF No. 16). Defendant opposes the motion for an extension of time. The time for filing briefs in further support or opposition has since passed, and both motions are ripe for adjudication.

## DISCUSSION

### I. Subject Matter Jurisdiction

Plaintiff asserts that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the parties are citizens of different states. Regardless of whether Plaintiff sufficiently pled diversity jurisdiction, the Court further finds that it has jurisdiction over this action under 28 U.S.C. § 1331, as Plaintiff has alleged federal claims under Title VII of the Civil Rights Act of 1964.

### II. Motion for an Extension

The Court will first address Plaintiff's motion for an extension of time. As mentioned above, Plaintiff here filed a

3

letter in opposition to Defendant's motion over a month after the deadline to oppose that motion passed, with no explanation for the untimely nature of his filing nor any request for an extension. (ECF No. 13). A month later, he then proceeded to file a "MOTION for Extension of Time to File Response" to the motion to dismiss, which attached what appears to be a more proper opposition brief.

This Court has discretion to extend a deadline prior to the time having expired upon a showing of good cause, and discretion to extend a deadline after the time has expired upon a showing of good cause and excusable neglect. See Fed. R. Civ. P. 6(b)(1)(B); Drippe v. Tobelinski, 604 F.3d 778, 782 (3d Cir. 2010). Here, Plaintiff, having already filed one untimely document that the Court interprets as his opposition brief, waited another month to file this present motion attaching a new opposition brief, explaining that he had "realized [he] attached the wrong (draft) file to email minus [the] Complaint Clarification information when responding to Defendant attorney['s]" motion to dismiss. Defendant, understandably, opposes his motion for an extension and argues that Court should disregard his filings. (ECF No. 18).

However, the Court recognizes that Plaintiff is proceeding *pro se* in this action, and further that even were it to disregard his two filings and consider the motion to dismiss

4

unopposed, the Court must still address the motion to dismiss on its merits. Ozerova v. United States, 2016 WL 6518439, at *2 (D.N.J. Nov. 2, 2016) (citing Stackhouse v. Mazurkiewicz, 951 F. 2d 29, 30 (3d Cir. 1991)) (other citation omitted) ("To decline to analyze the merits of a motion to dismiss simply because it is unopposed would be to impermissibly sanction plaintiffs for their failure to respond."). Accordingly, Plaintiff's motion for an extension will be granted, and the Court will consider the document he attached to the motion filed on April 29, 2021 as his opposition brief. (ECF No. 16). However, the Court will of course not consider any factual allegations or claims raised for the first time in an opposition brief, and as will be shown below, Plaintiff's opposition brief does not aid him in avoiding dismissal of his claims.

III. **Standard for Motion to Dismiss**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

5

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted) (first citing Conley v. Gibson, 355 U.S. 41, 47 (1957); Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994); and then citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

To determine the sufficiency of a complaint, a court must take three steps: (1) the court must take note of the elements a plaintiff must plead to state a claim; (2) the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664, 675, 679 (2009) (alterations, quotations, and other citations omitted).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the

claimant is entitled to offer evidence to support the claim." Twombly, 550 U.S. at 563 n.8 (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Iqbal, 556 U.S. at 684 ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before Twombly."). "A motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'" Malleus, 641 F.3d at 563 (quoting Twombly, 550 U.S. at 570).

A court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999). A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment

motion pursuant to Rule 56.  Fed. R. Civ. P. 12(b).

**IV.  <u>Analysis of Motion to Dismiss</u>**

Plaintiff's *pro se* Complaint is disorganized in its pleading and does not clearly identify any specific claims or any statutes under which Plaintiff intends to assert claims. However, courts must liberally construe pleadings that are filed *pro se*.  <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)).  Thus, "a pro se complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted).  <u>See also</u> <u>Dluhos v. Strasberg</u>, 321 F.3d 365, 369 (3d Cir. 2003) ("[The Court will] apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name.").  But while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim," <u>Owens v. Armstrong</u>, 171 F. Supp. 3d 316, 328 (D.N.J. 2016) (quoting <u>Mala v. Crown Bay Marina, Inc.</u>, 704 F.3d 239, 245 (3d Cir. 2013)), and *pro se* litigants are not exempt from complying with federal pleading standards.  <u>See</u> <u>Thakar v. Tan</u>, 372 F. App'x 325, 328 (3d Cir. 2010).

Defendant here, in its moving brief, interprets Plaintiff's Complaint as asserting claims for racial discrimination under both Title VII of the Civil Rights Act of 1964 and the New

8

Jersey Law Against Discrimination.  The Court, having reviewed the Complaint closely, reaches the same conclusion, and will interpret Plaintiff's Complaint as having asserted claims under those two statutes.

While Defendant raises a series of arguments for why Plaintiff's claims should be dismissed, the Court need only address its assertions that both of Plaintiff's claims are time-barred.  First, Defendant argues that to the extent that Plaintiff intended to assert a discrimination claim under Title VII, his claims are time-barred.  Under Title VII, before a plaintiff can file suit for race discrimination, he must first file a charge with the Equal Employment Opportunity Commission within 180 days of the occurrence of the alleged unlawful employment practice.  Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465, 469 (3d Cir. 2001).  The EEOC then will investigate the charge; if it finds that there is no reason for the EEOC to take action, it will then issue what is referred to as a "right-to-sue" letter, "in which the EEOC states that it sees no reason to take action on the complaint." Id. at 370 (citing Waiters v. Parsons, 729 F.2d 233, 237 (3d Cir. 1984)).  "The receipt of the right-to-sue letter indicates that a complainant has exhausted administrative remedies, an essential element for bringing a claim in court under Title VII."  Id.

Importantly, a complainant may not bring a Title VII

9

lawsuit until he has first received his right-to-sue letter. However, the right-to-sue letter carries with it another requirement: if the individual later chooses to bring a private action himself, it must be filed within 90 days of the date on which the complainant has notice of the EEOC's decision not to pursue the administrative charge. See 42 U.S.C. § 2000e-5(f)(1). The 90-day period's onset is calculated based on the date on which the complainant receives the right-to-sue letter when that date is known. Burgh, 251 F.3d at 470.

Here, while Plaintiff's Complaint does not specifically address or reference that he filed a complaint with the EEOC and exhausted his administrative remedies, it does include as an exhibit an email attaching a right-to-sue letter from the EEOC, and his factual allegations are contained in separate pages of the Complaint with a heading at the top that states "EEOC Charge No17E-2012-00115." The Court therefore assumes that Plaintiff attached the email from the EEOC and the right-to-sue letter to demonstrate that he had satisfied the requirements to bring a private civil suit under Title VII.

Plaintiff's exhibit, however, makes clear that his claims are time-barred. Although the right-to-sue letter itself is dated October 16, 2019, Plaintiff has further attached an email from an EEOC manager, itself dated November 20, 2019, which states:

"Dear Mr. Taylor,

Attached is the letter I sent to you on October 16, 2019. Our records show that it was sent to the wrong e-mail address. Please note that even though the notice of right to sue is dated October 16, 2019, you have 90 days to file in federal court from the date of receipt."

(ECF No. 1-6).

Accordingly, Plaintiff, by filing this letter, appears to acknowledge that he received this email and therefore the attached right-to-sue letter on November 20, 2019. "[T]he date the e-mail message was received in Plaintiff's inbox, is the date of receipt." Moses v. Home Depot Inc., 2017 WL 2784710, at *6 (D.N.J. June 27, 2017). The 90-day period within which he was required to file any civil action under Title VII related to these claims began to run that day, and expired on February 18, 2020. Plaintiff, however, did not file his Complaint before this Court until February 20, 2020. Therefore, his "Title VII claims are untimely and must be dismissed, unless the Court finds 'some equitable basis for tolling.' Plaintiff has failed to articulate any viable basis for equitable tolling, and the Court cannot glean any exceptional circumstance that prevented [him] from adhering to the 90-day filing requirement." Williams v. Township of Lakewood, No. 17-cv-11401 (PGS)(TJB), 2020 WL 7391009, at *6-7 (D.N.J. Dec. 15, 2020). And while the Court

11

recognizes that Plaintiff's claims are untimely by only two days, the Third Circuit has "strictly construed the 90-day period and held that, in the absence of some equitable basis for tolling, a civil suit filed even one day late is time-barred and may be dismissed." Burgh v. Borough Council of Montrose, 251 F.3d 465, 470 (3d Cir. 2001). See also Williams, 2020 WL 7391009, at *6-7 (dismissing as untimely Title VII claim that was filed "92 days after Plaintiff received the right-to-sue letter").

To the extent that Plaintiff intended to allege a claim under the NJLAD, that claim would meet a similar fate. NJLAD claims are subject to a two-year statute of limitations. Illas v. Gloucester County Sheriff's Dept., 2015 WL 778806, at *4 (D.N.J. 2015) (citing Montells v. Haynes, 627 A.2d 654 (N.J. 1993) (concluding a two-year statute of limitations of N.J.S.A. 2A:14-2(a) applies to NJLAD claims)). Here, the conduct alleged by Plaintiff all occurred no later than 2010, and the only allegations in the Complaint that relate to any later date is his claim, as part of his description of the relief he seeks, that this earlier conduct caused him to prematurely cash in his pension in 2014. Plaintiff therefore was required to raise his claims by 2016 at the latest, and likely by some date in 2012. His Complaint was not filed until February of 2020.

Plaintiff has again not raised any arguments for equitable

12

tolling of the limitations period for his NJLAD claim, nor are any clear from the face of his Complaint. The fact that Plaintiff appears to state in his opposition brief that he waited to pursue his NJLAD claims until after his civil rights charges with the EEOC and NJ DCR were resolved — which was, as explained above, a requirement for bringing any Title VII claims — has no impact on this holding. As this Court has previously explained

> Unlike Title VII, the NJLAD does not require the claimant to seek an administrative remedy before proceeding with a judicial remedy for his claims. Hernandez v. Region Nine Hous. Corp., 146 N.J. 645, 684 A.2d 1385, 1389 (N.J. 1996). While a plaintiff may elect to seek redress administratively instead of, or prior to, seeking judicial redress, the statute of limitations for filing judicial claims is not tolled by the filing of an administrative claim. See Sylvester v. Unisys Corp., 1999 WL 167725, at *6 (E.D. Pa. Mar. 25, 1999) (holding that "filing a DCR complaint does not toll the statute of limitations for filing an NJLAD suit in court"). Thus, even assuming that the EEOC had initiated a state charge on Plaintiff's behalf with the New Jersey Division on Civil Rights ("NJDCR") according to its worksharing agreement with the NJDCR, this would not change the fact that Plaintiff would have had to withdraw any such administrative charge and file suit prior to the expiration of the two-year limitations period[.]

Brown v. Railroad Group Limited Liability Company, No. 1:16-cv-04602-NLH-AMD, 2017 WL 1365215, at *2 (D.N.J. Apr. 7, 2017) (quoting Omogbehin v. Dimensions Intern., Inc., No. 08-3939 (NLH)(KMW), 2009 WL 2222927, at *3 (D.N.J. 2009)). Although the letter Plaintiff filed in opposition to this motion raises a

series of complaints regarding the length of time it took for his administrative civil rights charges to be handled by the relevant agencies, his Complaint raises no claims related to those allegations, which are asserted for the first time in an opposition brief.  Nor does such a delay change the fact that NJLAD claims are not tolled by the filing of such an administrative charge.

Plaintiff's NJLAD claims therefore must also be dismissed as time-barred.  From the Court's review of the Complaint, there do not appear to be any other clear claims that Plaintiff may have intended to assert here; although the Cover Sheet to his Complaint includes a checkmark next to "personal injury" under "Nature of Suit," his Complaint contains no further reference to any personal injury claims, nor is it clear what claims Plaintiff may have intended to pursue.  And while it is the Court's duty to apply the applicable law to any claims raised, regardless of whether Plaintiff correctly labeled those claims, it is not its job to fashion new claims that were not sufficiently alleged so to at least give notice of Plaintiff's intentions.

Finally, while Plaintiff's claims will all be dismissed as time-barred, the Court recognizes that Plaintiff here is appearing *pro se* and that his Title VII claims were only untimely by two days.  Therefore, the Court will dismiss his

14

claims without prejudice, and will grant him thirty days within which he may move for leave to amend his Complaint if he is able to put forth some evidence or argument for why equitable tolling should apply here. While "[e]quitable tolling is a rare remedy to be applied in unusual circumstances," Wallace v. Kato, 549 U.S. 384, 396 (2007), and Plaintiff's complaint does not include any argument that he should be entitled to equitable tolling nor any factual allegations that would provide a basis for tolling the 90-day period under Title VII or the two-year statute of limitations for his NJLAD claims, Plaintiff nonetheless may be able to provide a sufficient argument for tolling those limitations periods. See, e.g., Cunningham v. Albright College, No. 5:20-cv-01429, 2020 WL 7640192, at *6 n.8 (E.D. Pa. Dec. 23, 2020) (dismissing Title VII claims without prejudice because "[a]lthough [Plaintiff] has not alleged facts that would warrant any sort of equitable tolling of the limitations period, this Court cannot say that he is wholly incapable of doing so. Thus, dismissal without prejudice is appropriate"); Favors v. State of New Jersey, No. 16-1940 (NLH), 2016 WL 264766, at *4 (D.N.J. May 9, 2016) (dismissing complaint without prejudice under § 1915(e)(2)(B) to provide plaintiff an opportunity to put forth equitable tolling argument); Rich v. New Jersey, No. 14-2075 (FLW)(DEA), 2015 WL 2226029, at *12 (D.N.J. May 12, 2015) (granting plaintiff leave to amend Title VII claims despite

15

being untimely "[b]ecause [although] neither party has addressed this issue, Plaintiffs may have evidence that shows Farrior received her right-to-sue letter after January 3, 2014, thereby making her claim timely"). Accordingly, Plaintiff will have thirty days within which to move for leave to file an Amended Complaint that puts forth sufficient facts and arguments for why the Court should equitably toll either of the limitations period addressed above. If Plaintiff fails to do so, his claims will be considered dismissed with prejudice.

## CONCLUSION

For the reasons expressed above, Plaintiff's motion for an extension (ECF No. 16) and Defendant's motion to dismiss (ECF No. 9) will both be granted, and Plaintiff's Complaint will be dismissed. Plaintiff may move for leave to amend his complaint to address the deficiencies outlined in this Opinion within thirty days; if he fails to do so, his claims will be considered dismissed with prejudice.

An appropriate Order will be entered.


Date: August 6, 2021           /s Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.