UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VINCENT L. TAYLOR,<br><br>    Plaintiff,<br><br>  v.<br><br>COMPUTER SCIENCES<br>CORPORATION, also known as<br>DXC TECHNOLOGY,<br><br>    Defendant. | Civ. No. 1:20-cv-01848-NLH<br><br>**OPINION** |

**APPEARANCES**:

VINCENT L. TAYLOR
P.O. BOX 2131
CINNAMINSON, NJ 08077

   *Plaintiff appearing pro se*

LISA J. RODRIGUEZ
SCHNADER HARRISON SEGAL & LEWIS LLP
WOODLAND FALLS CORPORATE PARK
220 LAKE DRIVE EAST
SUITE 200
CHERRY HILL, NJ 08002

   *On behalf of Defendant*

**HILLMAN, District Judge**

    This matter has come before the Court pursuant to Vincent Taylor's ("Plaintiff") Motion to Amend Complaint and Provide Equitable Tolling Evidence. (ECF No. 24). The issue before the

Court is whether equitable tolling is appropriate in this case, where Plaintiff's filed Title VII claim was untimely by two days and his NJLAD claims were untimely by, even applying the most generous interpretation, approximately four years. (ECF No. 12 at 12, 14-16). For the reasons stated below, while the Court will consider the proffered evidence, Plaintiff's motion to file an amended complaint will be denied.

## BACKGROUND

Plaintiff filed the original complaint in this Court on February 20, 2020, alleging racial harassment in the workplace under Title VII of the Civil Rights Act of 1964 ("Title VII") and the New Jersey Law Against Discrimination ("NJLAD"). (ECF No. 1). Summonses were issued on November 11, 2020. ECF No. 5). Defendant was granted an extension of time to answer the Complaint or otherwise move in January of 2021. (ECF Nos. 7 and 8). Defendant submitted its motion to dismiss on January 26, 2021. (ECF No. 9). Plaintiff requested an extension of time to file a response to Defendant's motion to dismiss (ECF No. 16) and then filed a response on May 24, 2021. (ECF No. 18).

This Court entered an Order and Opinion on August 8, 2021, dismissing the complaint without prejudice and granting Plaintiff leave to move to file an amended complaint to address deficiencies and to provide sufficient facts and arguments for why this Court should equitably toll either of the limitations

2

periods applied to Plaintiff's claims. (ECF No. 22 at 16). As noted above, Plaintiff filed a Motion to Amend Complaint and Provide Equitable Tolling Evidence. (ECF No. 24). Computer Sciences Corporation (also known as DXC Technologies, "Defendant") filed a Response in Opposition to Plaintiff's motion (ECF No. 25), to which Plaintiff replied (ECF No. 26) and provided additional exhibits and memoranda/letters over the course of this case. (ECF Nos. 13, 27, 28, and 29).

## DISCUSSION

### I. Subject Matter Jurisdiction

The Court finds that it has jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiff alleged federal claims under Title VII of the Civil Rights Act of 1964.

### II. Standard for Dismissal

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted).

To determine the sufficiency of a complaint, a court must take three steps: (1) the court must take note of the elements a plaintiff must plead to state a claim; (2) the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664, 675, 679 (2009) (alterations, quotations, and other citations omitted)).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." Twombly, 550 U.S. at 563 n.8; see also Iqbal, 556 U.S. at 684 ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail in

4

the coffin for the 'no set of facts' standard that applied to federal complaints before Twombly."). "A motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'" Malleus, 641 F.3d at 563 (quoting Twombly, 550 U.S. at 570).

A court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999). A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56. Fed. R. Civ. P. 12(b).

III. **Standard for Equitable Tolling**

Pursuant to 42 U.S.C. § 2000e-5(f)(1), if an individual chooses to bring a private action after the EEOC declines to pursue an administrative charge, a plaintiff has 90 days to file upon receipt of their "right-to-sue" letter. Burgh v. Borough

5

Council of Borough of Montrose, 251 F.3d 465, 470 (3d Cir. 2001).  Plaintiff received their right-to-sue letter on November 20, 2019, and filed this action on February 20, 2020, two days beyond the 90-day limitation period.  Title VII claims have a strict timeliness requirement, and unless there is equitable basis for tolling, a civil suit filed even one day late must be dismissed.  Id.; see also Williams v. Township of Lakewood, No. 17-11401, 2020 WL 7391009, at *6 (D.N.J. Dec. 15, 2020).

Similarly, NJLAD claims are subject to a two-year limitation period.  Illas v. Gloucester County Sheriff's Dept., No. 14-4061, 2015 WL 778806, at *4 (D.N.J. Feb. 24, 2015).  To save these claims, a plaintiff must raise evidence or argument to demonstrate that equitable tolling should be applied.

Equitable tolling is a "rare remedy to be applied in unusual circumstances."  Wallace v. Kato, 549 U.S. 384, 396 (2007).  It is appropriate to apply equitable tolling sparingly, with the burden on the plaintiff to demonstrate that the application is warranted; excusable neglect is not acceptable to obtain relief.  Boyce v. Ancora State Hosp., No. 14-0185, 2015 U.S. Dist. LEXIS 167241, at *9-10 (D.N.J. Dec. 15, 2015).  In Title VII cases, equitable tolling is appropriate when the defendant actively misled the plaintiff, when the plaintiff timely, but accidentally, asserted their rights in the wrong forum, or when the plaintiff in some extraordinary way is

6

prevented from asserting their rights.  Id.

In terms of receiving equitable tolling due to a plaintiff's medical condition, the threshold is equally high: the medical issues must be severe enough to prevent the plaintiff from timely filing.  Id.[1]  Mental illness must be "demonstrated and compelling."  Patnaude v. Gonzales, 478 F. Supp. 2d 643, 648-49, (D. Del. 2007), citing Smith-Haynie v. District of Columbia, 155 F.3d 575, 580 (D.C. Cir. 1998) (equitable tolling not appropriate where plaintiff did not understand EEOC right to sue letter, was traumatized and unable to go to work and face alleged harasser).  A mental illness must prevent a plaintiff from being capable of managing their own affairs and understanding and acting on their rights.  Powell v. Independence Blue Cross, Inc., No. 95-2509, 1997 WL 137198, at *5 (E.D. Pa. Mar. 26, 1997).

---

[1] To illustrate, the court in Horne v. Tennis, No. 09-1562, 2011 WL 221725 (E.D. Pa. Jan. 20, 2011), found that the plaintiff's paranoid schizophrenia, which was confirmed by a letter from his treating psychologist, was insufficient to find him incompetent or incapable to timely file and did not warrant equitable tolling; the court in Hedges v. United States, 404 F.3d. 744, 753 (3d Cir. 2005) found that plaintiff's depression and pro se status were insufficient to justify equitable tolling; the court in Patnaude, 478 F. Supp. 2d at 648-49, found that alleged, but undiagnosed, anxiety and depression, coupled with stress induced from accusations from the FBI and a divorce, were insufficient to justify equitable tolling; the court in Boyce, No. 14-0185, at *12-13, found that plaintiff's "grave" illness was unsubstantiated and that her documented medical conditions were insufficient to justify equitable tolling.

**IV. Analysis**

    a. Title VII Claims

Plaintiff provided as an attachment to his original complaint the email from the EEOC, showing that he received his right-to-sue letter on November 20, 2019. (ECF No. 1 at 16-17). The receipt of this email began the 90-day period to file his Title VII claims. Burgh, 251 F.3d at 470. Plaintiff admits to reading the email and thus was on notice of the 90-day period to file a private suit in Federal Court. (ECF No. 26 at 3). Plaintiff filed his complaint in this Court 92 days later on February 20, 2020. (ECF No. 1). This Court noted that while Plaintiff did not include any argument for equitable tolling to save his claims in his complaint, the Court "[could ]not say that he is wholly incapable of doing so" and provided an opportunity for Plaintiff to amend his complaint to provide evidence and arguments for equitable tolling. (ECF No. 22 at 15) (quoting Cunningham v. Albright College, No. 20-01429, 2020 WL 7640192, at *6 n.8 (E.D. Pa. Dec. 23, 2020)).

Equitable tolling is typically given in Title VII cases in one of three ways: where a defendant actively misleads the plaintiff, when a plaintiff timely asserted their rights in the wrong forum, or when the plaintiff in some extraordinary way was prevented from asserting their rights. Seitzinger, 165 F.3d at 240. Plaintiff has not presented any argument or evidence to

8

suggest that he originally presented his rights timely in the wrong forum and has, in fact, been diligently following his claims through the administrative process. (ECF No. 13). Plaintiff has complained of delays by the administrative agencies and that Defendants were uncooperative with internal and agency investigations in his exhibits submitted to the Court and in his amended complaint. (ECF Nos. 13 and 26 at 4). But these allegations and frustrations regarding the Defendant being uncooperative and having "more prestige or an advantage with DCR" (ECF No. 26 at 8) do not amount to the level of deception required to grant equitable tolling. See Hedges v. United States, 404 F.3d. 744, 751-52 (3d Cir. 2005) (citing several examples of inducement, trickery, and "actively misleading" advice that would justify equitable tolling.).[2]

Plaintiff's most substantial argument relates to the medical issues that have impacted his life. (ECF No. 26). Equitable tolling may be granted due to a plaintiff's medical issues, but such issues must create an extraordinary barrier from timely filing to justify application of equitable tolling.

---

[2] The Court notes Plaintiff's frustration with the New Jersey Office of Attorney General, Division on Civil Rights ("DCR") for delays and lack of response, but the DCR is not a party to this action. Any alleged deception by the DCR would not be able to save Plaintiff's claims because such deception must be from a defendant to be actionable under the standard for equitable tolling.

9

Boyce, 2015 U.S. Dist. LEXIS 167241 at *9-10.

In his complaint, Plaintiff has described physical and mental suffering from the humiliation of the alleged acts has resulted in his career being "destroyed," financial ruin, losing his home, and relying on public assistance. (ECF No. 1 at 1). Plaintiff describes headaches, lack of sleep, stress, high blood pressure, as well as mental illness that was being treated with medication by a psychiatrist. (Id. at 7). Plaintiff attributes these hardships to the trauma of the alleged acts causing debilitating depression and anxiety, which in turn have caused issues with his ability to concentrate and causes periods of "withdrawal" that impact his mobility and engagement. (ECF No. 26 at 4 and 7). He states that "medical relapse" has impaired his ability to prosecute his case and to regain employment. (Id.). Plaintiff states that the delays with his briefs have stemmed from his disorganized state of mind because of the trauma caused by Defendant's alleged acts, so much so that the tardiness that hampered the filing of his amended complaint was directly due to a period of "withdrawal" and anxiety attacks. (Id. at 3).

For equitable tolling to apply for reason of mental illness, the illness in question must be severe enough to, in fact, prevent a plaintiff from managing their affairs and from understanding and acting on their legal rights. Miller v.

Runyon, 77 F.3d 189, 191 (7th Cir.), cert denied 117 S. Ct. 316 (1996). Here, it is clear from the fact that Plaintiff has been able to engage in persistent efforts to usher his case from the administrative process to the Federal Courts over the course of years, that Plaintiff's health issues have not prevented him from managing his affairs and from understanding and acting on his legal rights.[3] Plaintiff did not provide any evidence to substantiate his medical issues, which makes it difficult for the Court to otherwise assess his health claims. Boyce, No. 14-0185, at *12-13, (finding that plaintiff's "grave" illness was unsubstantiated and that her documented medical conditions were insufficient to justify equitable tolling).

Plaintiff also informed the Court via letter that an "associate" emailed him and said that the filing deadline was February 20, 2020. (ECF 26 at 3). Plaintiff did not elaborate or provide any evidence to suggest that this "associate" was a lawyer advising him in this matter. However, even if the person who provided the date "February 20, 2020" was an attorney advising Plaintiff, to receive equitable tolling an attorney's mistake or lack of action must be beyond "excusable neglect."

---

[3] From Plaintiff's documentation, it is not known precisely when his claims were filed with the EEOC and the DCR. Letters allegedly sent by Plaintiff to the DCR go as far back as December 31, 2014, and that letter states the DCR matter was opened in 2011. (ECF No. 13 at 7 out of 18).

Giddens v. UPS Supply Chain Solutions, No. 11-616, 70 F. Supp. 3d. 705, 711 (D. Del. 2014) (citing Seitzinger, 165 F.3d at 241 (3d Cir. 1998)).  Getting a date wrong is a mundane mistake, and such are considered attributable to the client.  Seitzinger, 165 F.3d at 240 ("The usual rule is that attorney errors will be attributed to their clients.") (internal citations omitted).  Only gross attorney error, such as an attorney affirmatively lying to a client, or an attorney abandoning a client due to mental illness, reaches a level where equitable tolling may be applied.  Id. at 240-41.  While this Court has understood Plaintiff to be pro se, (ECF No. 22 at 4-5), the case law is emphatic that "excusable neglect is not sufficient" to grant equitable tolling.  Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 619 (3d Cir. 1998).

      b. NJLAD Claims

As previously outlined in this Court's opinion filed August 6, 2021, NJLAD claims must be filed within two years which begins based on the nature of the discrimination underlying the claims.  Illas, 2015 WL 778806, at *4.  "Discriminatory termination and other similar abrupt, singular adverse employment actions that are attributable to invidious discrimination generally are immediately known injuries, whose two-year statute of limitations period commences on the day they occur."  Id.  When the complained-of conduct "constitutes an

12

unlawful employment practice" the last event in the series would be the date that the two-year limitation period would begin. Id.

Plaintiff's latest, most "abrupt" claim, by the most generous interpretation of the underlying circumstances, would have required suit to be filed by 2016 based on his early withdrawal of his pension in 2014, making such a claim nearly four years too late.[4]  The underlying complained-of conduct are acts that are now over a decade old, occurring between 2009 and 2011.  (ECF No. 13).  Such a length of time indicates that the claims are likely now "stale": "[o]nce memories fade, witnesses become unavailable, and evidence is lost, courts no longer possess the capacity to distinguish valid claims from those which are frivolous or vexatious."  Illas, 2015 WL 778806, at *6 (quoting Galligan v. Westfield Centre Service, Inc., 412 A.2d 122, 124 (N.J. 1980); (ECF. No. 13 at pg. 9 out of 18). Plaintiff's reasons for equitable tolling do not provide sufficient support to grant equitable tolling with regard to his later-accrued Title VII claims, much less provide a basis for the extraordinary remedy of tolling his much older NJLAD claims.

---

[4] Plaintiff alleges that the conduct that occurred through 2010 caused him to prematurely cash in his pension in 2014.  Based on the two-year statute of limitations applying to NJLAD claims, Plaintiff had until 2016 to file suit for his NJLAD claim.  (ECF No. 22 at 12).

13

Plaintiff described his persistent efforts to pursue all of his claims through the administrative process and points to the delays and confusion from that process as a reason for the Court to provide the remedy of equitable tolling. (ECF No. 26). To the extent that he extends this argument to his NJLAD claims, the argument fails because NJLAD claims do not require a claimant to seek an administrative remedy before seeking a judicial remedy. Brown v. Railroad Group Limited Liability Company, No. 16-04602, 2017 WL 1365215, at *2 (D.N.J. Apr. 7, 2017) (quoting Omogbehin v. Dimensions Intern., Inc., No. 08-3939, 2009 WL 2222927, at *3 (D.N.J. 2009)). Plaintiff was not required to wait for his EEOC right to sue letter before filing an NJLAD claim. (Id.). The statute of limitations for NJLAD claims is not tolled by filling an administrative claim and even if the EEOC had initiated a state charge on Plaintiff's behalf with the DCR, Plaintiff would have been required to withdraw any administrative charge and file suit prior to the expiration of the two-year limitations period. (Id.).

## CONCLUSION

This Court finds that Plaintiff's amended complaint has not cured the deficiencies noted by the Opinion filed August 6, 2021. (ECF No. 22). Though Plaintiff has been diligent in his communication to this Court, none of the allegations provided warrant the extraordinary remedy of equitable tolling be applied

14

to either of his claims.  Accordingly, will not be granted leave to file an amended complaint and this matter must be dismissed with prejudice.

An appropriate Order will be entered.


Date: June 6, 2022                  s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.