**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

VINCENT L. TAYLOR,

Plaintiff,

v.

COMPUTER SCIENCES CORPORATION, also known as DXC TECHNOLOGY,

Defendant.

Civ. No. 1:20-cv-01848-NLH

**OPINION AND ORDER**

**APPEARANCES:**

VINCENT L. TAYLOR
P.O. BOX 2131
CINNAMINSON, NJ 08077

*Plaintiff appearing pro se*

LISA J. RODRIGUEZ
SCHNADER HARRISON SEGAL & LEWIS LLP
WOODLAND FALLS CORPORATE PARK
220 LAKE DRIVE EAST
SUITE 200
CHERRY HILL, NJ 08002

*On behalf of Defendant*

**HILLMAN, District Judge**

WHEREAS, this Court rendered an Opinion and Order on June 6, 2022 (ECF Nos. 30, 31) dismissing Plaintiff's Amended Complaint with prejudice; and

WHEREAS, this matter comes before the Court pursuant to a

letter requesting oral argument by Plaintiff received on June 30, 2022 (ECF No. 32); and

WHEREAS, the Court construing the letter submitted by pro se Plaintiff liberally as a Motion for Reconsideration pursuant to Fed. R. Civ. P. Rule 60(b), ("Rule 60(b)"); and

WHEREAS, Rule 60(b) is applicable to final judgments, Dinnerstein v. Burlington County, No. 13-5598, 2015 WL 224428, at *1 (D.N.J. Jan. 14, 2015); and

WHEREAS, pursuant to Rule 60(b), the Court has discretion to provide relief in final judgments for equitable reasons; and

WHEREAS, given the facts of this case as discussed extensively in the Court's prior Opinions (ECF Nos. 22, 30), Plaintiff's Motion for Reconsideration will be liberally construed to fall under Rule 60(b)(6), see Fed. R. Civ. P. Rule 60(b)(6), see also Pierce Assoc. Inc. v. Nemours Found., 865 F.2d 530, 548 (3d Cir. 1988) (describing that a motion for relief under Rule 60(b) is under the sound discretion of the trial court); and

WHEREAS, Pursuant to Rule 60(b)(6), the Court may relieve a party from a final judgment, order, or proceeding for any other reason that justifies relief; and

WHEREAS, Under Rule 60(b)(6), the court must consider whether extraordinary circumstances justify reopening the judgment, Smith v. Kroesen, No. 10-5723, 2016 U.S. Dist. LEXIS

132171, at *5-6 (D.N.J. Sept. 27, 2016); and

WHEREAS, motions pursuant to Rule 60(b) are to be granted sparingly, Jones v. Lagana, No. 12-5823, U.S. Dist. LEXIS 101488, at *2-3 (D.N.J. Aug. 3, 2016) ("[a] court may grant a Rule 60(b) motion only in extraordinary circumstances, and a Rule 60(b) motion is not appropriate to reargue issues that the court has already considered and decided."); and

WHEREAS, although Plaintiff requested oral argument, Federal Rule of Civil Procedure 78(b) provides that the Court may provide for submitting and determining motions on briefs, without oral hearings; and

WHEREAS, Local Civil Rule 78.1(b) notes that all motions will be decided on the papers unless a party requests oral argument and the request is granted by the Judge or Magistrate Judge, or if the Court *sua sponte* directs for oral arguments to be held; and

WHEREAS, the Court is not required to hold oral argument and may decide in its discretion whether oral argument is necessary or will occur on a pending motion, Morris v. United States, No 12-2926, 2015 WL 4171355, at *2 (D.N.J. Jul. 9, 2015); and

WHEREAS, Plaintiff's letter, (ECF No. 32), notes Plaintiff's desire to "clarify some comments and discuss . . . why a Settlement for Relief or Summary Judgment should be

considered before dismissing the case," but, as noted above, this Court rendered an Opinion and Order on June 6, 2022 (ECF Nos. 30, 31) dismissing Plaintiff's Amended Complaint because fatal deficiencies in Plaintiff's claims remained despite amendment and the Court having accepted all of Plaintiff's well-pleaded allegations as true and in the light most favorable to the Plaintiff; and

WHEREAS, in the same Opinion the Court found that equitable tolling could not save Plaintiff's untimely Title VII claim and untimely NJLAD claims; and

WHEREAS, Plaintiff's letter (ECF No. 32) claims that Defendants' alleged harms have caused Plaintiff to "prematurely to file in 2022 early retirement, Social Security and cashed another Pension this year," and while these alleged harms are meaningful to Plaintiff, this new information does not meet the exigencies required by Rule 60(b)(6) to warrant the extraordinary relief of re-opening this case; and

WHEREAS, the Court, in its discretion, declines to hold oral argument on these issues;

Accordingly,

IT IS on this __5th___ day of July, 2022

ORDERED that the Clerk shall re-open this matter to resolve Plaintiff's Motion as set forth in this Order; and it is further

ORDERED that Plaintiff's Motion for Reconsideration (ECF No. 32) be, and the same hereby is, DENIED; and it is further

ORDERED that the Clerk shall re-close the file and make a new and separate docket entry reading "CIVIL CASE TERMINATED."

s/Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey